UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |  |
|---|---|---|
| ADELA AGUILAR and JOSE AGUILAR, *Plaintiffs,* | § § § § | |
| v. | § § | Civil No. 5:26-cv-00916 |
| FIDENCIO HOMERO VASQUEZ MACIAS and JULIO CESAR CABRERA SANCHEZ, *Defendants.* | § § § § § § | |

**ORDER**

Before the Court are Defendants' Amended Motion for Leave to Designate Josie Diaz as a Responsible Third Party and Defendants' Amended Motion for Leave to Amend Certificate of Financially Interested Parties.  Dkt. Nos. 16–17.  Under Texas law, "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party" if the motion is filed "on or before the 60th day before the trial date." Tex. Civ. Prac. & Rem. § 33.004(a).  A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these."  Tex. Civ. Prac. & Rem. § 33.011(6).

"Several district courts have interpreted this statutory language and concluded that the designation of a responsible third party under § 33.004 does not conflict with Federal Rule of Civil

Procedure 14." *Cortez v. Frank's Casing Crew & Rental Tools*, Civil Action No. V-05-125, 2007 WL 419371, at *2 (S.D. Tex. Feb. 2, 2007) (collecting cases). "District courts in the Fifth Circuit have found that Texas's proportionate responsibility statute . . . can therefore apply substantively in a diversity case." *Vecron Exim Ltd. V. XPO Logistics, Inc.*, Civil Action No. H-18-2394, 2019 WL 2025206, at *4 (May 8, 2019 S.D. Tex.) (citing *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014)). Under § 33.004(f), the "court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. § 33.004(f). Here, Defendants filed their Amended Motion for Leave to Designate Josie Diaz as a Responsible Third Party on June 16, 2026, and no objection has been filed to date. Dkt. No. 16.

Accordingly, Defendants' Amended Motion for Leave to Designate Josie Diaz as a Responsible Third Party, Dkt. No. 16, is **GRANTED**. To account for this designation, Defendants' Amended Motion for Leave to Amend Certificate of Financially Interested Parties, Dkt. No. 17, is likewise **GRANTED**. The Clerk of Court is **DIRECTED** to file Dkt. No. 17-3 as Defendants' Amended Certificate of Financially Interested Parties. Defendants' Opposed Motion for Leave to Designate Josie Diaz as a Responsible Third Party, Dkt. No. 14, and Defendants' Opposed Motion for Leave to Amend Certificate of Financially Interested Parties, Dkt. No. 15, are **DENIED AS MOOT**.

Additionally, Defendants filed their Motion to Dismiss for Failure to State a Claim when they removed this case to federal court on May 15, 2026. Dkt. No. 8. Thus, Plaintiffs' deadline to respond was June 5, 2026. *See* S.D. Tex. L.R. 7.3. However, Plaintiffs have not filed a response to date. Plaintiffs are **ORDERED** to file their response to the Motion to Dismiss, Dkt. No. 8, and **SHOW CAUSE** for the delay by **August 27, 2026**. Plaintiffs are **WARNED** that failure to respond

to a motion filed by the opposing party will be taken as a representation of no opposition pursuant to local rules.  *See* S.D. Tex. L.R. 7.4.

       IT IS SO ORDERED

       Signed this July 29, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge